# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| OSCAR CUNI, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 06-3157-CV-S-FTG-H |
| ROBERT McFADDEN, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636 (b). Petitioner has prepaid the filing fee and does not request leave to proceed in forma pauperis. Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that the petition for habeas corpus relief be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner contends that the indictment against him was defective, and that he is actually innocent of the sentence imposed. He asserts that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). It is his position that these cases are retroactive. Petitioner also asserts that the 28 U.S.C. § 2255 remedy is inadequate to test the legality of his detention because he never had an unobstructed opportunity to present his claims to the sentencing court. He contends that his petition was found to be time-barred, through no fault on his part.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255, unless it appears that the motion is

inadequate or ineffective to test the validity of the detention.  E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977).  The fact that petitioner may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), nor does the fact that a specific claim was previously raised pursuant to § 2255 and denied.  A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met.  Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Petitioner has failed to meet his burden of showing that the § 2255 remedy is inadequate or ineffective.  Additionally, despite his claim of actual innocence, it is clear that his allegations attempt to raise an issue of legal innocence, based on Booker.  It should be noted that all circuit courts considering the issue to date have held that the rule announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit petitioners in collateral proceedings.  See  Never Misses A Shot v. United States, 413 F.3d 781 (2005), 783 -84 (8th Cir. 2005)  (holding Booker does not apply retroactively on collateral review).

Although petitioner attempts to construe his claim as one for relief under 28 U.S.C. § 2241, a careful reading of his petition indicates that he is, in fact, challenging his sentence.  Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of § 2241.  The issues he raises are cognizable, if at all, in the sentencing court, and it is clear that this Court lacks jurisdiction of petitioner's claims.  Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED  that the petition herein for writ of habeas corpus be dismissed without

prejudice.

                                                  /s/ James C. England  
                                                  JAMES C. ENGLAND, CHIEF  
                                                  United States Magistrate

Date: May 5, 2006